# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>vs.<br><br>Houston James Kirkaldie,<br><br>                Defendant, | Case No.: 1:18-cr-00199<br><br>**DEFENDANT HOUSTON KIRKALDIE'S SENTENCING MEMORANDUM** |

## ATTORNEYS OF RECORD

| **Defense Counsel** | **Assistant U.S. Attorney** |
|---|---|
| Jeff A. Bredahl | Rick L. Volk |
| Attorney at Law | Assistant United States Attorney |
| 3431 4th Avenue S., Suite 200 | District of North Dakota |
| Fargo, ND 58103 | 655 1st Ave N, Ste 250 |
| Tele: (701) 298-9363 | Fargo, ND 58102 |
| E-Service: office@ndjustice.com | Tele: (701) 297-7400 |
| jeffb@ndjustice.com | rick.volk@usdoj.gov |

## RULE 32(F) COMPLIANCE

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, Attorney Bredahl consulted with the Defendant, Houston James Kirkaldie (herein after referred to as "Houston"), regarding the Presentence Investigation Report (PSI) and AUSA Rick Volk.

## PROCEDURAL HISTORY

Defendant, Houston is the subject of an Indictment which charged Houston with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (500 grams or more – mixture; 50 grams or more – actual), in violation of Title 21, U.S.C. §

1

846, Title 21, U.S.C. § 841 (a)(1), Title 21, U.S.C. § 841(b)(1)(C), Title 21, U.S.C. § 841(b)(1)(A) and Title 18, U.S.C. § 2. [Docket No. 2]. Houston was arrested on November 21, 2018, and made his initial appearance on November 21, 2018 before the Honorable U.S. Magistrate Judge Charles S. Miller Jr. [Docket No. 6]. An Order of Detention was issued pending trial. [Docket No. 12]. The undersigned was retained to represent Houston on November 21, 2018 and noted his appearance that same day. [Docket No. 7]. Houston's Plea Agreement and Plea Agreement Supplement were filed on April 19, 2019. [Docket Nos. 27 and 28]. Houston entered a plea of guilty to the indictment at the Change of Plea Hearing on May 2, 2019, before the Honorable Daniel L. Hovland, Chief Judge of United States District Court. [Docket No. 30] Currently, on October 7, 2019, Houston is scheduled to appear before this Court for his sentencing hearing. [Doc No. 37].

## GUIDELINE RANGE CALCULATION

Following United States v. Booker, 543, U.S. 220 (2005) the Guidelines are advisory, not mandatory. A sentence below the Guideline range does not require extraordinary circumstances or the use of rigid mathematical formulae. Id. at 47. The Court should consider all the 18 U.S.C. Section 3553(a) factors to determine whether they support the sentence requested by a party, without presuming the guideline range is reasonable. Id. at 49-50. In considering those factors, "the Court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773 (8th Cir. 2006).

According to United States v. Francis, 462 F.3d 810 (8th Cir. 2006), courts in the Eighth Circuit Court of Appeals follow a three-step process when imposing a sentence. First, the court determines a proper sentencing guidelines range. Second, the court determines whether a departure is warranted under the guidelines. Third, the court looks to 18 U.S.C. § 3553(a) to determine if a variance is warranted.

When conducting this sentencing process, the court should be guided by the Supreme Court's holding in Rita v. United States, 551 U.S. 338 (2007). In Rita, the Supreme Court held that a sentencing court is to apply a sentence that is "sufficient, but not greater than necessary" to meet the sentencing goals laid out in § 3553(a). Id. Under Rita, the sentencing court may impose a sentence lower than the guidelines contemplate because the case does not fall within the "heartland" of cases to which the guidelines intended to apply, because the recommended sentence under the guidelines does not meet the goals of § 3553(a), or because the case warrants a lower sentence regardless of the guidelines. Id. Thus, a sentencing court is free to impose a sentence lower than the guidelines recommend in order to meet the goals of sentencing contemplated by § 3553(a) (stating factors such as age, education, mental condition, drug or alcohol addiction can now be considered by the sentencing court).

"A post-Booker sentence normally should be determined in a sequential manner, with the district court first determining the applicable guideline range, then determining whether any traditional guideline departures are warranted, and finally considering the possibility of varying from the guideline sentence based on the factors in § 3553(a). United States v. Coyle, 506 F.3d 680, 683 (8th Cir. 2007). The sequential ordering process was

3

developed to maintain distinction between sentencing "departures" and "variances." Id. After reviewing the sentencing factors in 18 U.S.C. § 3553(a), the court may then consider a variance pursuant to 3553(a) factors.

In determining an appropriate sentence, the court in this case must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for – the applicable category of offense committed by the applicable category of defendant; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). In reviewing these factors, the court must impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing. Id. In this case, Houston respectfully requests departure be granted after application of the 3553(a) factors.

## CREDIT FOR TIME SERVED
## 18 UNITED STATES CODE § 3585(a)

Pursuant to 18 U.S.C. § 3585(a), a sentence to a term of imprisonment commences the date a defendant is received into custody. Thus, pursuant to 18 U.S.C. § 3585(a), it is respectfully requested that Houston receive credit for time served.

Houston was arrested on November 21, 2018. Houston was ordered to be detained pending trial. Houston should have credit for 321 days already served.

## RESIDENTIAL DRUG ABUSE PROGRAM

When there is sufficiently long sentences as in a case involving a young man with a lengthy substance abuse problem, federal law allows for a reduction in sentence based upon entry into and completion of a Residential Drug Abuse Program (RDAP). Houston has a substance abuse disorder. Houston desires to participate in a Residential Drug Abuse Program. Houston respectfully requests that the Court issue a finding that he has a history of substance abuse which has led to legal problems, risky behavior and a disruption of his relationships with his parents, friends, significant others, and employers. Houston should be recommended for RDAP and receive any benefits derived therefrom.

## BUREAU OF PRISON DESIGNATION

Houston respectfully requests, if the Court imposes a term of imprisonment that he be allowed to self-surrender to the designated Bureau of Prison. Further, Houston requests the Court recommend placement at the Bureau of Prisons lowest level security facility closest to Linkin, North Dakota, specifically:

1. FPS Duluth – Minimum Security Federal Prison Camp;
2. FPS Yankton – Minimum Security Federal Prison Camp; or
3. FCI Sandstone – Low Security Federal Correctional Institution.

## FEDERAL BENEFITS

Houston respectfully requests that the Court not issue a denial of benefits. The Court has the discretion to deny federal benefits for up to 10 years under 21, U.S.C. § 862(a)(1)(B) and U.S.S.G. 5F1.6.

5

## SENTENCING RECOMMENDATION

In conclusion, Houston respectfully requests that your Honor sentence him to a term of forty-eight (48) months and a three year period of supervised release.

This sentence would fill the sentencing goals and satisfies the general purposes of sentencing including the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense. The positions stated herein would achieve a sentence sufficient, but not greater than necessary, to comply with purposes and factors outlined in 18 U.S.C. §3553(a)(2).

Dated: October 4, 2019.

                                                Respectfully submitted,

                                                BREDAHL & ASSOCIATES, P.C.

                                                */s/ Jeff A. Bredahl*

                                                Jeff A. Bredahl, ND ID#04717
                                                3431 4th Avenue South, Suite 200
                                                Fargo, North Dakota 58103
                                                Tele: (701) 298-9363
                                                Fax: (701) 298-9363
                                                E-Service: office@ndjustice.com
                                                Email: jeffb@ndjustice.com
                                                ATTORNEYS FOR DEFENDANT